IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DAVID SONNY LYNCH, JR.** | : | |
| **#255-360** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL NO. L-05-1365 |
| | : | |
| **JON P. GALLEY, WARDEN, et al.** | : | |
| Respondents. | : | |

**MEMORANDUM**

On May 17, 2005, Petitioner David Sonny Lynch, Jr. ("Lynch" or "Petitioner") filed the pending motion for relief pursuant to 28 U.S.C. § 2254. Lynch challenges his 1996 convictions in the Circuit Court for Prince George's County. On June 28, 2005, Respondents moved to dismiss the petition as time-barred. There is no need for an evidentiary hearing. See 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For the reasons stated herein, the Court will, by separate Order, GRANT the motion and DISMISS the action as time-barred.

**I.      BACKGROUND**

On April 11, 1996, the Circuit Court for Prince George's County sentenced Lynch to twenty-five years imprisonment for second degree murder, robbery with a deadly weapon, robbery, and a handgun offense. On December 30, 1996, the Court of Special Appeals of Maryland affirmed the convictions. On April 9, 1997, the Court of Appeals of Maryland denied certiorari. Lynch did not file for certiorari in the United States Supreme Court. On July 10, 1997, when the ninety-day period for seeking certiorari review expired, his convictions became final.

On May 10, 2002, Lynch commenced state post-conviction proceedings in the Circuit Court for Prince George's County. The Circuit Court conducted a post-conviction hearing, and on June 30, 2004, denied relief to Petitioner. On March 21, 2005, the Court of Special Appeals of Maryland summarily denied Lynch's application for leave to appeal, issuing its mandate on April 21, 2005.

## II.   ANALYSIS

A one-year statute of limitations applies to habeas petitions in non-capital cases for prisoners convicted in state court. See 28 U.S.C. § 2244(d). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. § 2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

On May 10, 2005, when Lynch filed his federal habeas petition, the one-year limitations period had long expired. Lynch has neither asserted, nor do the pleadings suggest, circumstances warranting equitable tolling. Accordingly, the Court finds that the instant Petition is time-barred.

## III.   CONCLUSION

Accordingly, for the reasons stated herein, the Court will, by separate Order filed this date, (i) GRANT Respondents' motion to dismiss and (ii) DISMISS the action as time-barred.

Dated this _8th__ day of August, 2005.

_____/s/_____
Benson Everett Legg
Chief Judge